**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Donald E. Jackson, | Case No.: 2:26-cv-01606-JAD-EJY |
| Plaintiff | **Order Denying Request for A Writ of Mandamus And Dismissing Case** |
| v. | |
| State of Nevada, | [ECF No. 1-1] |
| Defendant | |

Plaintiff Donald E. Jackson initiated this action with a request for a writ of mandamus.[1] Jackson states that in March of 2019 the Nevada Supreme Court issued an order reversing the state district court's denial of Jackson's petition for a writ of habeas corpus and remanding the case for the state district court to conduct an evidentiary hearing.[2] An evidentiary hearing was set and reset, after which Jackson's public defender was ordered to contact the state district court to set a new hearing.[3] However, Jackson's public defender never contacted the state district court, and a new hearing was never set. It has been seven years, and nothing has moved forward with Jackson's case. Jackson filed countless motions requesting an evidentiary hearing and arguing that his counsel was ineffective for failing to schedule the evidentiary hearing.[4] Jackson requests that "the Honorable U.S. District Court [] intervene and settle this matter in this case and take matters in your own hands."[5]

---

[1] ECF No. 1-1.

[2] *Id.* at 1–2.

[3] *Id.* at 2.

[4] *Id.* at 3.

[5] *Id.*

It is not clear what exactly Jackson is requesting that I do.  In particular, it is not apparent whether Jackson requesting that I (1) order the state district court to hold an evidentiary hearing and reconsider his petition for a writ of habeas corpus in state court, (2) address his original petition for a writ of habeas corpus, (3) order his release from prison based on the alleged failure to "prosecute" his case, or (4) order some other form of relief.  Based on the title of Jackson's filing, it appears that he is requesting that I issue a writ of mandamus directing the state district court to hold an evidentiary hearing and consider his initial petition for a writ of habeas corpus. However, in light of Jackson's *pro se* status and the lack of clarity in his filing, I also address the other possibilities.

The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."[6]  Traditionally, a writ of mandamus has been "used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so."[7]  A writ of mandamus is "the appropriate remedy to enforce the performance of some duty enjoined by law, where there is no other adequate remedy."[8]  However, the Supreme Court has held that the use of a writ of mandamus is a "drastic" remedy that is only to be invoked in "extraordinary situations."[9]  Importantly, **it is well established that federal courts have no authority to issue writs of mandamus to state courts or their judicial officers in the performance of their duties**.[10]

---

[6] 28 U.S.C. § 1651.

[7] *Will v. United States*, 389 U.S. 90, 95 (1967) (internal quotations omitted).

[8] *Bd. of Comm'rs of Knox Cnty. v. Aspinwall*, 65 U.S. 376, 376 (1860).

[9] *Kerr v. U. S. Dist. Ct. for N. Dist. of California*, 426 U.S. 394, 402 (1976).

[10] *See Clark v. State of Washington*, 366 F.2d 678, 681–82 (9th Cir. 1966) ("The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in

Because federal courts do not have the authority to issue a writ of mandamus to a state court, I must deny Jackson's request for a writ of mandamus. This federal court cannot order the state district court judge to hold an evidentiary hearing or handle Jackson's case in any particular way.

To the extent that Jackson is seeking to have this federal court consider either his initial petition for a writ of habeas corpus or his claim that he should be released based on the failure to timely address his petition for a writ of habeas corpus, Jackson will need to file a petition for a writ of habeas corpus in federal court. I take no position on the merits of such a petition or whether such a petition would be procedurally appropriate at this time.

To the extent that Jackson is seeking to bring a civil-rights claim based on any alleged violation of his civil rights, he must file a civil-rights complaint in a new case.

**Conclusion**

IT IS THEREFORE ORDERED that Jackson's request for a writ of mandamus (ECF No. 1-1) is DENIED with prejudice.

IT IS FURTHER ORDERED that **THIS ACTION IS DISMISSED** as there are no remaining issues pending. The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.

Dated: June 29, 2026

_____
U.S. District Judge Jennifer A. Dorsey

---

the performance of their duties[.]"); *Bennett v. City of Kingman*, 543 F. Supp. 3d 794, 802 (D. Ariz. 2021) ("Federal courts have no jurisdiction or authority—under the Federal Mandamus Act—to issue mandamus to direct non-federal entities or officials in the performance of their duties.") (internal quotation marks and citations omitted).